# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## PANAMA CITY DIVISION

**PATRICIA FOXWORTH, as Administratrix of the
Estate of CHRISTOPHER ALLEN DURDEN,
deceased,**

        **Plaintiff,**

**v.**                                                    **Lead Case No. 5:04cv90/MCR**

**KIA MOTORS CORPORATION;
EMERALD AUTO SALES, INC.;
and
KIA MOTORS AMERICA, INC.,**

        **Defendants.**

_____/

**DEBRA WOODWARD, as Administratrix of the
Estate of JUSTIN VALLIERES,
deceased,**

        **Plaintiff,**

**v.**                                                    **Case No. 5:04cv122/MCR**

**KIA MOTORS CORPORATION;
EMERALD AUTO SALES, INC.;
and
KIA MOTORS AMERICA, INC.,**

        **Defendants.**

_____/

## O R D E R

These consolidated cases come before the Court upon Defendants' "Emergency Motion to Enjoin Plaintiff[s] from Reinstating this Action in the Circuit Court of Houston County, Alabama . . . ." (Doc. 83), and Plaintiffs' response in opposition (doc. 85). On May 3, 2005, the Court conducted a hearing on the motion. Upon consideration of the parties' arguments and for the reasons given below, the Court GRANTS Defendants' motion.

## BACKGROUND

In its order dated March 30, 2005,[1] granting the motions for summary judgment filed or joined in by Defendants Kia Motors Corporation, Kia Motors America, Inc., and Emerald Auto Sales, Inc., the Court outlined the history and facts of this case:

> The events giving rise to the instant actions occurred October 16, 1999. On that date Christopher Allen Durden and Justin Vallieres were killed in Jackson County, Florida, when the 1998 Kia Sephia automobile in which they were riding collided with another vehicle and caught fire.  Foxworth and Woodward, the administratrixes of the respective decedents' estates, filed separate actions against Defendants in the Circuit Court of Houston County, Alabama, [footnote omitted] on September 7, 2001. After consolidating the cases, the trial court denied Defendants' motions seeking dismissal on forum non conveniens grounds pursuant to Ala. Code 1975, § 6-5-430.  [footnote omitted] Defendants then filed a petition for writ of mandamus in the Alabama Supreme Court, including a notice of waiver of defenses based upon the statute of limitations.  The Alabama Supreme Court granted Defendants' petition and ordered the lower court to dismiss the actions so that they could be refiled in Jackson County, Florida.  See Ex parte Kia Motors America, Inc., 881 So.2d 396 (Ala. 2003).  On remand, the trial court on November 17, 2003, entered an order dismissing Plaintiffs' cases with prejudice.  Plaintiffs immediately filed a motion to alter or amend the judgment to reflect that dismissal was without prejudice, which motion the court granted on December 12, 2003.  Foxworth filed her instant complaint in the Circuit Court of Jackson County, Florida, on February 17, 2005, and Woodward filed her complaint on March 19, 2004.  Kia America and Emerald Auto removed Plaintiffs' cases to federal court on April 9, 2004, and May 18, 2004, respectively, asserting diversity jurisdiction. This Court, finding that diversity jurisdiction was proper, denied Foxworth's motion to remand on May 19, 2004. (Case No. 5:04cv90/MCR doc. 44).  On June 10, 2004, the Court granted Foxworth's motion to consolidate her case with Woodward's; the Court also stayed the consolidated cases pending disposition of the motions to dismiss and for summary judgment. (Id.; doc. 48).

---

[1] The Court's order was signed on March 30, 2005, but entered by the Clerk on the docket on March 31, 2005. The Clerk likewise entered final summary judgment on the docket on March 31, 2005.

(Doc. 75 at 2-3).

Summarizing the reasons for its determination that Defendants were entitled to judgment in their favor, the Court stated that

> [I]n the Alabama proceedings Defendants neither were required to categorically waive any defense based on the statute of limitations in order to obtain a dismissal on forum non conveniens grounds nor did so and [ ] the doctrine of equitable estoppel does not now bar them from asserting the defense. The Court concludes that Defendants were required to consent and in fact did consent to waive any defense based on the statute of limitations only for a period of sixty days from the date of dismissal of the Houston County, Alabama, cases; that such waiver period terminated no later than February 10, 2004; and that Plaintiffs filed their complaints in the Circuit Court of Jackson County, Florida, after February 10, 2004.  Because the complaints were not brought within Florida's two year statute of limitations for wrongful death actions and Defendants are not barred from asserting a limitations defense, either due to waiver or for equitable or other reasons asserted by Plaintiffs, the Court finds that the cases were untimely filed in the Circuit Court of Jackson County, Florida.  Thus dismissal of these actions is warranted.

(Id. at 10-11).

Upon the Court's granting Defendants' motions, dismissing the actions with prejudice, and directing the entry of judgment in Defendants' favor, Plaintiffs immediately filed notice of appeal to the United States Court of Appeals for the Eleventh Circuit. (Docs. 76, 77).  Defendants filed the instant motion on April 27, 2005, in which they advise that Plaintiffs have moved the Circuit Court of Houston County, Alabama, to reinstate the consolidated actions which it dismissed on December 12, 2003, and that the state court has set a hearing on Plaintiffs' motion for May 11, 2005.[2]  Defendants contend that they will be irreparably harmed if Plaintiffs are permitted to reinstate their cases in Alabama and they are forced to litigate claims which this Court has dismissed with prejudice.  Citing the relitigation exception set forth in the Federal Anti-Injunction Act, 28 U.S.C. § 2283,

---

[2] See Exh. 1 attached to Defendants' motion, which is a copy of the "Motion to Reinstate" Plaintiffs filed in the Circuit Court of Houston County, Alabama.

Defendants submit that this Court should enforce its summary judgment order by enjoining Plaintiffs from reinstating their consolidated actions in the Circuit Court of Houston County, Alabama. Plaintiffs respond that, in light of the appeal pending before the Eleventh Circuit, this Court lacks jurisdiction to entertain Defendants' motion.  Plaintiffs also argue that they are not attempting to reinstate the instant actions which were initiated in Florida state court but rather those which were previously filed in  Alabama state court. According to Plaintiffs, they do not seek to relitigate the statute of limitations issues decided by this Court; instead, their intention in moving to reopen the Alabama cases is to ask the Alabama courts to enforce their own prior rulings.[3]  Plaintiffs maintain that for these reasons no exception to § 2283 applies such that the Court has jurisdiction to issue the relief Defendants request.

**DISCUSSION**

The All Writs Act, 28 U.S.C. § 1651(a), expressly gives federal courts the power to issue injunctions in aid of their jurisdiction.[4]  It is also well established that the Act authorizes courts to "issue such commands . . . as may be necessary or appropriate to effectuate and prevent the frustration of [their] orders." United States v. New York Telephone Co., 434 U.S. 159, 172, 98 S.Ct. 364, 54 L.Ed.2d 376 (1977); Kelly v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 985 F.2d 1067, 1069 (11th Cir. 1993).  The district court may grant a writ under the Act whenever, in its sound judgment, it finds it necessary in order "to achieve the ends of justice entrusted to it . . . ." Klay v. United HealthGroup Inc., 376 F.3d 1092, 1100 (11th Cir. 2004) (citation omitted).  The court's authority under the

---

3 At the May 3, 2005, hearing Plaintiffs' counsel indicated that Plaintiffs were endeavoring to return the actions to the Alabama state courts in order to give the Alabama Supreme Court the opportunity to clarify its ruling in Ex parte Kia Motors America, Inc., supra.  Specifically, counsel indicated that Plaintiffs would ask the court to address the issue of whether its ruling limited the waiver period to sixty days from the date of dismissal or placed no time limitations on the waiver period.  Alternatively, counsel advised that Plaintiffs may ask the Eleventh Circuit to certify a question to the Alabama Supreme Court regarding this issue.

4 The All Writs Act, 28 U.S.C. § 1651, provides:
a) The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law.
(b) An alternative writ or rule nisi may be issued by a justice or judge of a court which has jurisdiction.

All Writs Act is limited by the Anti-Injunction Act, 28 U.S.C. § 2283,[5] which prohibits a federal court from "enjoining state court proceedings unless the injunction falls within one of the three specifically defined exceptions." Atlantic Coast Line R. Co. v. Brotherhood of Locomotive Engineers, 398 U.S. 281, 286, 90 S.Ct. 1739, 26 L.Ed.2d 234 (1970).  Those exceptions are:  (1) as expressly authorized by Act of Congress, (2) where necessary in aid of its jurisdiction, or (3) to protect or effectuate its judgments.  28 U.S.C. § 2283.

As a preliminary matter in the instant case, the Court addresses Plaintiffs' contention that it lacks jurisdiction to hear Defendants' motion because their direct appeal before the Eleventh Circuit is pending.  It is well established that "a federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously.  The filing of a notice of appeal is an event of jurisdictional significance because it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58, 103 S.Ct. 400, 401, 74 L.Ed.2d 225 (1982).  The exception to this general rule is that district courts retain jurisdiction of collateral matters not involved in the appeal.  See Doe v. Bush, 261 F.3d 1037, 1064 (11th Cir. 2001) (citing Weaver v. Fla. Power & Light Co., 172 F.3d 771, 773 (11th Cir. 1999)).  Here, Defendants in effect base their motion to enjoin reinstatement of the Alabama litigation on the defense of res judicata.  This defense is separate and distinct from the statute of limitations issues involved in this Court's summary judgment order and, consequently, the pending appeal to the Eleventh Circuit.  Thus, as the instant motion implicates issues which are collateral to those on appeal, this Court retains jurisdiction to hear Defendants' request for injunctive relief.

The Court turns next to Defendants' contention that they are entitled to relief based on the third exception to the Anti-Injunction Act, which is known as the "relitigation exception."  This exception permits a federal court to enjoin parallel in personam state court

---

[5] The Anti-Injunction Act, 28 U.S.C. 2283, states:
A court of the United States may not grant an injunction to stay proceedings in a state court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments.

proceedings provided the purpose behind the injunctive relief sought is to "protect or effectuate [the federal court's] judgments." <u>Chick Kam Choo v. Exxon Corp.</u>, 486 U.S. 140, 147, 108 S.Ct. 1684, 100 L.Ed.2d 127 (1988).[6]  As the Court explained in <u>Chick Kam Choo</u>, "[t]he relitigation exception was designed to permit a federal court to prevent state litigation of an issue that previously was presented to and decided by the federal court.    It is founded in the well recognized concepts of <u>res judicata</u> and collateral estoppel." <u>Id.</u> at 147.[7]  Accordingly, "an essential prerequisite for applying the relitigation exception is that the claims or issues which the federal injunction insulates from litigation in state proceedings actually have been decided by the federal court." <u>Id.</u> at 148.

In the instant case, the claims which Defendants seek to insulate from litigation in the Alabama courts "actually have been decided by th[is] federal court." <u>Id.</u>   In <u>Mathis v. Laird</u>, 457 F.2d 926 (5th 1972), the former Fifth Circuit held that "[a] ruling based on the statute of limitations is a decision on the merits for <u>res judicata</u> purposes." <u>Id.</u> at 927.[8]  It is also well established that "[w]hen a federal court sitting in diversity examines the collateral estoppel or <u>res judicata</u> effect of a prior federal judgment, based either on diversity or a federal question, it must apply federal common law." <u>Precision Air Parts, Inc. v. Avco Corporation</u>, 736 F.2d 1499, 1503 (11th Cir. 1984).   In entering judgment in Defendants' favor on the ground the Florida actions were time-barred, this Court therefore decided the wrongful death claims before it on their merits. Furthermore, the three other

---

[6]  Injunctive relief may be granted so long as a state court has not "finally rejected a claim of <u>res judicata</u>." <u>Parsons Steel, Inc. v. First Alabama Bank</u>, 474 U.S. 518, 524, 106 S.Ct. 768, 772, 88 L.Ed.2d 877 (1986).  Where the state court has rejected a claim of <u>res judicata</u>, the federal court must then examine state law to determine the preclusive effect of the state court's decision.  <u>Id.</u>

[7]  <u>Res judicata</u> or claim preclusion refers to the preclusive effect of a judgment in foreclosing relitigation of matters that were litigated or could have been litigated in an earlier suit.  <u>See</u>, <u>e.g.</u>, <u>Migra v. Warren City School District Board of Education</u>, 465 U.S. 75, 77 n. 1, 104 S.Ct. 892, 894 n. 1, 79 L.Ed.2d 56 (1984). Collateral estoppel or issue preclusion forecloses relitigation of an issue of fact or law that was litigated and decided in a prior suit.  <u>See</u>, <u>e.g.</u>, <u>Greenblatt v. Drexel Burnham Lambert, Inc.</u>, 763 F.2d 1352, 1360 (11th Cir. 1985).

[8]  In <u>Bonner v. City of Prichard</u>, 661 F.2d 1206, 1209 (11th Cir.1981 (<u>en</u> <u>banc</u>), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

prerequisites under the res judicata doctrine also have been satisfied here: the prior decision was rendered by a court of competent jurisdiction, both cases involve the same parties or their privies, and both cases involve the same causes of action. See Piper Aircraft Corp. v.Teledyne Industries, Inc., 244 F.3d 1289, 1296 (11th Cir. 2001).

In their response to Defendants' motion Plaintiffs represent that they do not seek to relitigate the statute of limitations issue decided by this Court.  Notwithstanding that contention, there is no doubt that disturbing this Court's findings regarding the timeliness issue and, as a result, the Court's judgment in Defendants' favor, is precisely Plaintiffs' aim.[9]  "In these circumstances, a federal court need not stand idly by and hope that the state court perceives that the issues before it formed the basis of prior federal court litigation. Rather the federal court may intervene, pursuant to § 2283, "'to protect or effectuate its judgments.'" International Ass'n of Machinists & Aerospace Workers v. Nix, 512 F.2d 125, 132 (5th Cir. 1975).  In this case, Plaintiffs should not be permitted to relitigate the very issues which are central to their wrongful death claims.

As the requirements for applying the doctrine of res judicata have been met in this case, a legal basis exists for this Court to preclude Plaintiffs from further litigation of their claims in the Alabama courts.[10]  Nevertheless, the decision "to stay proceedings in a state court is never one to be taken lightly, as it impinges on the very delicate balance struck

---

[9]  Plaintiffs' intention, which they have acknowledged, is also readily apparent in their "Motion to Reinstate," which in effect complains that this Court has misread and misapplied the decision of the Alabama Supreme Court.  The implication of this complaint is that the Alabama Supreme Court's decision in Ex parte Kia Motors America, Inc., read as Plaintiffs would have it, permits them to pursue their actions because they were not bound by any sixty day period for refiling in the Circuit Court of Holmes County, Florida.

In addition, at the hearing Plaintiffs' counsel argued that it was improper for this Court to have interpreted the Alabama Supreme Court's decision in its order on the motions for summary judgment.  The Court disagrees.  The manner in which the parties framed and presented the issues on summary judgment gave the Court little alternative but to address the meaning of Ex parte Kia Motors America, Inc. in order to resolve the motions before it. Moreover, in responding to the motions Plaintiffs did not raise the argument that the Court's review was improper.  To the contrary, in their responses Plaintiffs in fact asked the Court to interpret Ex parte Kia Motors America, Inc. – but in a manner favorable to them.

[10]  Plaintiffs' proper recourse for review of this Court's rulings is by appeal to the Eleventh Circuit, not by reapproaching the Alabama state courts.  Federal courts are required to afford full faith and credit to the judgments of state courts.  Conversely, state courts may not – whether as a matter of law or practical effect – interfere with an order or judgment entered by a federal court.

between the federal and state judicial systems." <u>Wesch</u>, 6 F.3d at 1469. This Court recognizes and respects the principles of comity inherent in our federalist system of government and will enjoin proceedings in a state court only with reluctance and upon careful consideration.  Federal enjoinment of state litigation is to be the exception, not the rule. <u>Delta Air Lines, Inc. v. McCoy Restaurants, Inc.</u>, 708 F.2d 582, 585 (11th Cir. 1983).

 Nonetheless, where a state court may interfere with or in effect assert the power of appellate review over the judgments and orders of a federal court which has properly exercised its jurisdiction, the state court acts without jurisdictional authority, and enjoinment of proceedings before it is proper. <u>See</u> <u>Mitchum v. Foster</u>, 407 U.S. 225, 242, 92 S.Ct. 2151, 2161 62, 32 L.Ed.2d 705 (1972); <u>Kelly v. Merrill Lynch</u>, 985 F.2d 1067 (11th Cir.1993); <u>Battle v. Liberty Nat'l Life Ins. Co.</u>, 877 F.2d 877 (11th  Cir. 1989).  Accordingly, the Court finds that the relitigation exception to the Anti-Injunction Act is both applicable and appropriate here in order to achieve the ends of justice by protecting the judgment entered March 31, 2005, in this case.  The Court therefore shall enjoin Plaintiffs pursuant to the authority of the All Writs Act from further litigation of their claims in the Alabama state courts. <u>See</u> <u>Chick Kam Choo</u>, 486 U.S. at 147; <u>Klay</u>, 376 F.3d at 1100.

**CONCLUSION**

Defendants' "Emergency Motion to Enjoin Plaintiff[s] from Reinstating This Action in the Circuit Court of Houston County, Alabama" . . . . (doc. 83), is GRANTED.  Pursuant to the authority of the All Writs Act and as provided in the Anti-Injunction Act, the Court shall enjoin Plaintiffs and their counsel from prosecuting or commencing any causes of action or claims against Defendants in the courts of the State of Alabama arising out of or related to the wrongful death actions as to which this Court has entered final judgment.

Accordingly, it is ORDERED:

1.    Defendants' "Emergency Motion to Enjoin Plaintiff[s] from Reinstating This Action in the Circuit Court of Houston County, Alabama" . . . . (doc. 83) is GRANTED. Pursuant to the authority of the All Writs Act and as provided in the Anti-Injunction Act, the Court enjoins Plaintiffs and their counsel from prosecuting or commencing any causes of action

or claims against Defendants in the courts of the State of Alabama arising out of or related to the wrongful death actions as to which final judgment was entered in this district on March 31, 2005.

2.    The Clerk shall append to this Order a copy of Exhibit 1 to Defendants' Motion, which is a copy of the "Motion to Reinstate" Plaintiffs filed in the Circuit Court of Houston County, Alabama, on April 18, 2005.

**DONE and ORDERED** on this 5th day of May, 2005.


_s/ M. Casey Rodgers_

**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**